## APPEAL OF A. L. SHAPLEIGH.

Docket No. 316.    Submitted October 9, 1925.    Decided November 9, 1925.

*John L. Lee, Esq.,* for the taxpayer.
*Robert A. Littleton, Esq.,* for the Commissioner.

Before STERNHAGEN, LANSDON, and ARUNDELL.

This is an appeal from the determination of a deficiency for the years 1918, 1919, and 1920, in the amount of $21,356.12. The taxpayer asserts that the Commissioner erred in disallowing as deductions the face values of certain notes which he charged off his books during the years involved. At the hearing the taxpayer abandoned his appeal as to the years 1918 and 1920, which reduces the amount in controversy to $5,007.49.

### FINDINGS OF FACT.

The taxpayer is an individual residing at St. Louis, Mo. About 1904 or 1905 he was one of a syndicate that underwrote an issue of 2,000 shares of stock of the American Credit Indemnity Co., of which concern he was at that time a director, at $275 a share, or for a total of $550,000. The public took only a very small number of the shares and the syndicate was called on to pay more than $500,000 on account of such stock issue.

The taxpayer and S. M. Kennard were the only members of the syndicate who were financially able to make good as underwriters and guarantors of the stock issue. They advanced some money from their own funds, borrowed large amounts from St. Louis banks and, in the course of time, discharged all the obligations undertaken by

the entire syndicate. As a result of the default of all their associate underwriters, the taxpayer and Kennard, in addition to their personal obligations as guarantors, paid the amount of $91,677.12 for Samuel D. Winter, E. M. Treat, and S. M. Phelan before March 1, 1913.

On February 1, 1910, Winter, Treat, and Phelan made a joint demand note payable to the taxpayer and Kennard in the amount of $91,677.12. Deposited with such note as collateral, and pledged for its payment, were individual notes made by H. I. Gross, $23,423.02; E. M. Treat, $24,439.75; S. D. Winter, $27,439.75; S. W. Schatz, $20,198.20; H. M. Coudrey, $6,845.36. Between February 1, 1910, and February 24, 1916, various payments in the total amount of $27,243.16 were credited on this note.

On July 20, 1916, all payments on account of the underwriting syndicate having been made, Treat made his note to the taxpayer and Kennard jointly for his share of the syndicate's commitments. Kennard died in 1919 and shortly thereafter, on November 1, 1919, in order to separate his interest from the Kennard estate, the taxpayer took Treat's demand note for one-half the amount due jointly to himself and Kennard, in the amount of $17,916.70. This note was secured in part by the assignment and pledge of a $5,000 insurance policy on the life of the maker. The cash surrender value of such policy at that date was $1,878.85, which amount was credited on the note. Immediately after receiving this note the taxpayer made some sort of a request of Treat, and in response received a letter in which Treat stated that he was unable to pay the note or any part of it. In his income-tax return for 1919 the taxpayer deducted the face of this note less the cash surrender value of the life insurance policy pledged as collateral, or $16,299.36, from his gross income as a debt ascertained to be worthless and charged off during the taxable year. During all the time that taxpayer was advancing money for Treat the said Treat was president of the American Credit Indemnity Co. at a salary of from $15,000 to $20,000 per year. At the present time he is vice president of the National Surety Co. of New York and is not insolvent.

In connection with the same underwriting transactions, the taxpayer accepted a demand note, in the amount of $7,859.99, from H. M. Coudrey, dated November 1, 1919. This note was secured in part by the assignment and pledge of two $2,500 insurance policies on the life of its maker, which at that date had a cash surrender value of $2,048.15. The taxpayer credited such cash surrender value on the note and deducted the remainder thereof, $5,811.84, from his gross income for 1919 as a debt ascertained to be worthless and charged off during the taxable year.

Upon audit of the taxpayer's income-tax return for 1919 the Commissioner disallowed as deductions the amounts of $16,299.36 and $5,811.84 as debts ascertained to be worthless and charged off during the taxable year.

#### DECISION.

The determination of the Commissioner is approved.